# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
      v.      )      ID No. 1906010188
     )
PAUL WILLIAMS,      )
     )
     Defendant.      )

Date Submitted:  October 1, 2020
Date Decided:  October 22, 2020

## ORDER

Upon consideration of Defendant's *pro se* Motion for Transcripts and Affidavit in Support of Application to Proceed *In Forma Pauperis*, **IT APPEARS THAT:**

1. On October 1, 2020, Defendant filed a Motion for Transcripts along with an Affidavit in Support of Application to Proceed *In Forma Pauperis*.[1]  In his Motion, Defendant asks the Court to produce his December 6, 2019 Suppression Hearing transcript and his December 17, 2019 Hearing transcript at the State's expense.[2]  In support of his Motion, Defendant states that he needs the requested transcripts for the following reasons:  "Post Conviction Relief + Notice of Appeal."[3]

---

[1] D.I. 40.
[2] *Id.*
[3] *Id.*

2.    To begin, "a defendant does not have a right to free transcript[s] in order to pursue postconviction relief in the absence of a showing of good cause."[4] The Constitution requires the Court to certify that transcripts "are necessary to decide non-frivolous issues in a pending case."[5] Further, Delaware Superior Court Criminal Rule 61(d)(4) provides that the Court "*may* order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief."[6] It is therefore within the Court's discretion to review a defendant's motion and the record to determine whether transcripts should be prepared at State expense.[7] "When a defendant offers no factual basis and fails to clearly identify the fundamental rights he claims were violated, the Court will deny the motion."[8] Here, Defendant's Motion does not show the requisite good cause.[9] Nor does it provide any basis—factual or legal—for Defendant's desire to pursue postconviction relief.[10] Accordingly, the Court declines to provide Defendant with

---

[4] *Johnson v. State*, 2013 WL 6858400, at *1 (Del. Dec. 24, 2013) (citation omitted); *see also Demby v. State*, 2014 WL 4898138, at *2 (Del. Sept. 29, 2014) (citations omitted).
[5] *State v. Russell*, 2019 WL 6248340, at *1 (Del. Super. Ct. Nov. 15, 2019) (internal quotation marks and citations omitted) (quoting *State v. Whitfield*, 2007 WL 3108331, at *1 (Del. Super. Ct. Oct. 23, 2007)).
[6] Super. Ct. Crim. R. 61(d)(4) (emphasis added).
[7] *Russell*, 2019 WL 6248340, at *1 (citation omitted).
[8] *Id.* (brackets and internal quotation marks omitted) (quoting *State v. Allen*, 2002 WL 31814750, at *1 (Del. Super. Ct. Nov. 4, 2002)).
[9] D.I. 40.
[10] *Id.*

2

the requested transcripts at State expense for the purpose of pursuing postconviction relief.

3.    Defendant also states that he needs the transcripts to pursue a direct appeal.  In general, "indigent defendants have a right to transcripts at State expense on appeal."[11]  But "absent a showing that there is some legal or factual basis for relief and that there is a particularized need for a transcript on appeal, the Superior Court is within its discretion to deny a transcript at State expense."[12]  Defendant has failed to provide any reasons for wanting to pursue a direct appeal.[13]  So the Court cannot determine whether Defendant has a particularized need for the transcripts he requests.[14]  Accordingly, the Court declines to provide Defendant with the requested transcripts at State expense for the purpose of pursuing a direct appeal.

**NOW THEREFORE**, for the foregoing reasons, Defendant's Motion for Transcript is **DENIED** without prejudice.

**IT IS SO ORDERED.**

---

[11] *Demby v. State*, 2014 WL 4898138, at *2 (Del. Sept. 29, 2014) (citing Miller v. State, 2008 WL 623236, at *2 (Del. Mar. 7, 2008).

[12] *Robinson v. State*, 2003 WL 1869909, at *2 (Del. Apr. 10, 2003) (citing *United States v. MacCollum*, 426 U.S. 317, 330 (1976)).

[13] D.I. 40.

[14] *See State v. Monroe*, 2008 WL 3865338, at *1 (Del. Super. Ct. Aug. 12, 2008) (denying a request for transcripts when the defendant made no showing as to why he needed them).

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Paul Williams (SBI# 00470169)
       Colleen Durkin, DAG